JUDGE ENGELMAYER

**14 CV 3886**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNETH DAVIDSON and JANA DAVIDSON, INDIVIDUALLY and On Behalf of Their Minor Children JCD and KSD, and THOMAS FARMER,<br><br>Plaintiffs,<br><br>v.<br><br>ROCKWELL INTERNATIONAL CORPORATION, ROCKWELL AUTOMATION, INC., ROCKWELL COLLINS, INC. AND/OR ROCKWELL COLLINS AEROSPACE & ELECTRONICS, INC., THE BOEING COMPANY, TWIN COMMANDER AIRCRAFT, LLC, AIRESEARCH MANUFACTURING COMPANY, THE SIGNAL COMPANIES, ALLIEDSIGNAL AVIONICS, INC. AND/OR ALLIED-SIGNAL AEROSPACE AVIONICS COMPANY, ALLIEDSIGNAL AEROSPACE SERVICES CORPORATION, HONEYWELL INTERNATIONAL, INC. FAIRCHILD CONTROLS CORPORATION, CARPE DIEM AVIATION SERVICES OF MISSOURI, INC. D/B/A CD AVIATION SERVICES, CD AVIATION L.L.C., EAGLE CREEK AVIATION SERVICES D/B/A NAPLES JET CENTER, AND NORTHROP GRUMMANN CORPORATION AND/OR NORTHROP GRUMMAN SYSTEMS CORPORATION,<br><br>Defendants. | Civil Action No. _____<br>Judge<br>Magistrate Judge<br> |

**COMPLAINT**

1. The complaint of Plaintiffs KENNETH DAVIDSON and JANA DAVIDSON, individually and on behalf of their Minor Children JCD and KSD, hereinafter sometimes referred to as complainant #1, of legal age, domiciled in and residents of Allen Parish, State Of Louisiana, and THOMAS FARMER, hereinafter sometimes referred to as complainant #2, of legal age, and a resident of Benton County, State of Arkansas, respectfully represents:

## JURISDICTION

2. Jurisdiction arises under Diversity of Citizenship pursuant to 28 U.S.C. § 1332 *et seq.* and the amount in controversy exceeds the jurisdictional amount of $75,000.00.

## PARTIES

3. As to complainant #1, the following parties are made defendants herein:

A. ROCKWELL INTERNATIONAL CORPORATION, A foreign corporation, domiciled in the State of Nevada, having appointed as agent for service of process the Corporation Trust Company of Nevada, 311 S. Division Street, Carson City, Nevada, 89703;

B. ROCKWELL AUTOMATION, INC., a foreign corporation, domiciled in the State of Delaware, having appointed as agent for service of process The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington Delaware, 19801;

C. ROCKWELL COLLINS, INC. AND/OR ROCKWELL COLLINS AEROSPACE & ELECTRONICS, INC., a foreign corporation, domiciled in the State of Delaware, having appointed as agent for service of process The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington Delaware,

19801;

D. THE BOEING COMPANY, a foreign corporation, domiciled in the State of Delaware, having appointed as agent for service of process Corporation Service Company, 2711 Centerville Road, Wilmington Delaware, 19808;

E. TWIN COMMANDER AIRCRAFT, LLC, a foreign corporation, headquartered in the State of North Carolina at 1176 Telecom Drive, Creedmore NC, 27522, domiciled in the State of Washington, having appointed as its agent for service of process CT Corporation System, 505 Union Avenue SE, Suite 120, Olympia, Washington, 98501;

F. AIRESEARCH MANUFACTURING COMPANY, a foreign corporation, domiciled in California, having appointed as agent for Service of Process CT Corporation System, 818 West Seventh St, 2nd Fl, Los Angeles California, 90017;

G. THE SIGNAL COMPANIES, a foreign corporation, domiciled in the State of Delaware, having appointed as agent for service of process The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington Delaware, 19801;

H. ALLIEDSIGNAL AVIONICS, INC. AND/OR ALLIED-SIGNAL AEROSPACE AVIONICS COMPANY, a foreign corporation, domiciled in the State of Delaware, having appointed as agent for service of process The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington Delaware, 19801;

I. ALLIEDSIGNAL AEROSPACE SERVICE CORPORATION, a foreign corporation, domiciled in the State of Delaware, having appointed as agent for service of process Corporation Service Company, 2711 Centerville Road, Wilmington Delaware, 19808;

J. HONEYWELL INTERNATIONAL, INC., a foreign corporation, domiciled in the State of Delaware, having appointed as agent for service of process Corporation Service Company, 2711 Centerville Road, Wilmington Delaware, 19808;

K. FAIRCHILD CONTROLS CORPORATION- a foreign corporation, domiciled in Delaware, having its principal business office located at 540 Highland Street Frederick, Maryland, 21701, having appointed as agent for service of process National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover Delaware 19904;

L. CARPE DIEM AVIATION SERVICES OF MISSOURI, INC. , D/B/A/ CD AVIATION SERVICES, a foreign corporation, authorized to do and doing business in the state of Missouri, having a business location at 2707 East 32nd Street,, Suite 2, Joplin , Missouri, 64804, having appointed as agent for service of process, Edward C. Clausen, 601 Monroe Street, Suite 301, Jefferson City Missouri, 65101;

M. CD AVIATION L.L.C., a foreign corporation, domiciled in Missouri, having appointed as agent for service of process Carroll Dorhn, 2977 Emerald Lake Drive, Columbia Missouri, 65202;

N. EAGLE CREEK AVIATION SERVICES D/B/A NAPLES JET CENTER a foreign corporation, domiciled in and authorized to do and doing business in the state of Indiana, having its principal office located at 4101 Dandy Trail, Indianapolis, Indiana, 46254, and operating a location in the State of Florida at 377 Citation Point, Naples, Florida, 34104, and having appointed as agent for service of process Matthew Hagans, 4101 Dandy Trail, Indianapolis, Indiana, 46254;

O. NORTHROP GRUMMAN CORPORATION AND/OR NORTHROP GRUMMAN SYSTEMS CORPORATION, a foreign corporation, domiciled in Delaware, with its principal office located at 2980 Fairview Park Drive, Falls Church, Virginia, 22042, having appointed as agent for service of process The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington Delaware, 19801.

4. As to complainant #2, the following parties are made defendant herein:

A. ROCKWELL INTERNATIONAL CORPORATION, A foreign corporation, domiciled in the State of Nevada, having appointed as agent for service of process the Corporation Trust Company of Nevada, 311 S. Division Street, Carson City, Nevada, 89703;

B. ROCKWELL AUTOMATION, INC., a foreign corporation, domiciled in the State of Delaware, having appointed as agent for service of process The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington Delaware, 19801;

C. ROCKWELL COLLINS, INC. AND/OR ROCKWELL COLLINS AEROSPACE & ELECTRONICS, INC., a foreign corporation, domiciled in the State of Delaware, having appointed as agent for service of process The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington Delaware, 19801;

D. THE BOEING COMPANY, a foreign corporation, domiciled in the State of Delaware, having appointed as agent for service of process Corporation Service Company, 2711 Centerville Road, Wilmington Delaware, 19808;

E. TWIN COMMANDER AIRCRAFT, LLC, a foreign corporation, headquartered in the State of North Carolina at 1176 Telecom Drive, Creedmore NC, 27522, domiciled in the State of Washington, having appointed as its agent for service of process CT Corporation System, 505 Union Avenue SE, Suite 120, Olympia, Washington, 98501;

F. AIRESEARCH MANUFACTURING COMPANY, a foreign corporation, domiciled in California, having appointed as agent for Service of Process CT Corporation System, 818 West Seventh St, 2nd Fl, Los Angeles California, 90017;

G. THE SIGNAL COMPANIES, a foreign corporation, domiciled in the State of Delaware, having appointed as agent for service of process The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington Delaware, 19801;

H. ALLIEDSIGNAL AVIONICS, INC. AND/OR ALLIED-SIGNAL AEROSPACE AVIONICS COMPANY, a foreign corporation, domiciled in the State of

Delaware, having appointed as agent for service of process The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington Delaware, 19801;

I. ALLIEDSIGNAL AEROSPACE SERVICE CORPORATION, a foreign corporation, domiciled in the State of Delaware, having appointed as agent for service of process Corporation Service Company, 2711 Centerville Road, Wilmington Delaware, 19808;

J. HONEYWELL INTERNATIONAL, INC, a foreign corporation, domiciled in the State of Delaware, having appointed as agent for service of process Corporation Service Company, 2711 Centerville Road, Wilmington Delaware, 19808;

K. FAIRCHILD CONTROLS CORPORATION - a foreign corporation, domiciled in Delaware, having its principal business office located at 540 Highland Street Frederick, Maryland, 21701, having appointed as agent for service of process National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover Delaware 19904;

L. CARPE DIEM AVIATION SERVICES OF MISSOURI, INC. , D/B/A/ CD AVIATION SERVICES, a foreign corporation, authorized to do and doing business in the state of Missouri, having a business location at 2707 East 32nd Street,, Suite 2, Joplin , Missouri, 64804, having appointed as agent for service of process, Edward C. Clausen, 601 Monroe Street, Suite 301, Jefferson City Missouri, 65101;

M. CD AVIATION L.L.C., a foreign corporation, domiciled in Missouri, having

appointed as agent for service of process Carroll Dorhn, 2977 Emerald Lake Drive, Columbia Missouri, 65202;

N.  EAGLE CREEK AVIATION SERVICES D/B/A NAPLES JET CENTER a foreign corporation, domiciled in and authorized to do and doing business in the state of Indiana, having its principal office located at 4101 Dandy Trail, Indianapolis, Indiana, 46254, and operating a location in the State of Florida at 377 Citation Point, Naples, Florida, 34104, and having appointed as agent for service of process Matthew Hagans, 4101 Dandy Trail, Indianapolis, Indiana, 46254;

## BACKGROUND

5. On the 31st day of May, 2011, complainants, Kenneth Davidson, a sensor operator, and Thomas Farmer, pilot, comprised the air crew aboard the Turbo Commander aircraft bearing FAA registration number N690EH, flying over the State of New York performing an acquisition and evaluation flight. The aircraft is a pressurized, fixed wing multi-engine turbo prop aircraft manufactured by defendant ROCKWELL INTERNATIONAL CORPORATION, powered by a TPE331-5 aircraft engine manufactured by defendant AIRESEARCH MANUFACTURING COMPANY, containing an Air Cycle Machine manufactured by defendant FAIRCHILD CONTROLS CORPORATION, and which aircraft was owned by defendant NORTHROP GRUMMAN CORPORATION AND/OR NORTHROP GRUMMAN SYSTEMS CORPORATION.

6. While aboard the subject aircraft, which was being reasonably used for its intended purpose, and during the flight, complainants were exposed to toxic fumes, including

dangerous neurotoxins, which were emanating from the aircraft's internal components, and then entered the aircraft cabin though the air delivery system. More specifically, in normal operation, the aircraft's cabin is heated and pressurized using unfiltered high pressure "bleed air" from the aircraft's engines. Bleed air typically comes from a high pressure stage within the jet engine. The bleed air is mixed with outside air and then introduced into the aircraft's cabin using an Air Cycle Machine (ACM). The engine and the ACM are lubricated with BP2380 jet engine oil.

7.  On May 31, 2011, at about 25,000 feet, the aircraft experienced a major fume event, emitting clouds of oil fumes and mist into the cabin. Mr. Farmer contacted Air Traffic Control, aborted the mission and initiated a rapid decent to 8,000 feet to depressurize the aircraft. Mr. Farmer was subsequently able to safely land the plane. Complainants allege, on information and belief, that drops of the engine's lubrication oil were leaking out of the aircraft's engine into the bleed air-ducting system, which caused the cabin of the aircraft to fill with smoke and fumes.

8.  As to defendant Rockwell International Corporation and/or Twin Commander Aircraft, LLC, believed to be the original manufacturer of the aircraft, said defendant bears responsibility for the aircraft's design, manufacture and assembly and said aircraft was reasonably certain to be dangerous if defective.

9.  Since the manufacture of the aircraft, Rockwell International Corporation has undergone several mergers and acquisitions, having split into two companies, defendants Rockwell Automation, Inc, and Rockwell Collins, Inc. and/or Rockwell Collins Aerospace & Electronics, Inc. Part of the company was then purchased by defendant The Boeing Company.

## FIRST CLAIM FOR RELIEF

10. Complainants repeat the averments contained in paragraphs 1 through 9 as if set forth in full.

11. Complainants aver that a cause of the injuries sustained by complainants was the fault of defendants, Rockwell International and/or Rockwell Automation, Inc, and /or Rockwell Collins, Inc. and/or Rockwell Collins Aerospace & Electronics, Inc. And/or The Boeing Company and/or Twin Commander Aircraft, LLC , whose actions violated the New York Products Liability law in the following, non-exclusive respects:

   a. The product was defective, which defect rendered the product not reasonably safe for its intended use, and which defect caused the complainants' injuries;

   b. The defect existed at the time the product left the defendant's hands;

   c. The defect was not discoverable by these complainants through the exercise of reasonable care;

   d. Failure to act reasonably in designing, testing, manufacturing, selling, inspecting or marketing the subject aircraft and/or its components;

   e. Failure to warn complainants of unreasonably dangerous condition of the subject air craft and/or its components;

   f. Failure to conform to an express or implied warranty;

   g. Failure, generally, to meet the generally accepted standard of care in the above described situation.

## SECOND CLAIM FOR RELIEF

12. Complainants repeat the averments contained in paragraphs 1 through 11 as if set

forth in full.

13.   As to defendant Airesearch Manufacturing Company, alleged on information and belief to be the original manufacturer of the TPE331-5 jet engine, complainants allege that the engine was defective in its design and/or manufacture and/or assembly, thus allowing drops of oil to leak from its engine into the aircraft's bleed air-ducting system and into the cabin, thus causing the injuries and damages sued on herein. Complainants allege that the jet engine was reasonably certain to be dangerous if defective.

14.   Since the manufacture of the engine, Aireseaerch has undergone several mergers and acquisitions, merging into defendant The Signal Companies, and subsequently into AlliedSignal Avionics, Inc. And/or Allied-Signal Aerospace Avionics Company and/or Alliedsignal Aerospace Service Corporation, which then bought out Honeywell International, Inc, and took the Honeywell name.   Complainants aver that a cause of the injuries sustained by complainants was the fault of defendants, Aireseaerch and/or The Signal Companies, and/or AlliedSignal Avionics, Inc. and/or Allied-Signal Aerospace Avionics Company and/or AlliedSignal Aerospace Service Corporation and/or Honeywell International, Inc, whose actions violated the New York Products Liability law in the following, non-exclusive respects:

    a.    The product was defective, which defect rendered the product not reasonably safe for its intended use, and which defect caused the complainants' injuries;

    b.    The defect existed at the time the product left the defendant's hands;

    c.    The defect was not discoverable by these complainants through the exercise of reasonable care;

    d.    Failure to act reasonably in designing, testing, manufacturing, selling, inspecting

      or marketing the subject engine and/or its components;

e.   Failure to warn complainants of unreasonably dangerous condition of the subject engine and/or its components;

f.   Failure to conform to an express or implied warranty;

g.   Failure, generally, to meet the generally accepted standard of care in the above described situation.

### THIRD CLAIM FOR RELIEF

15.   Complainants repeat the averments contained in paragraphs 1 through 14 as if set forth in full.

16.   As to defendant Fairchild Controls Corporation, alleged on information and belief to be the original manufacturer of the Air Cycle Machine (ACM), complainants allege that the ACM was defective in its design and/or manufacture and/or assembly, allowing drops of oil leaking from the engine to access the aircraft's bleed air-ducting system and into the cabin, thus causing the injuries and damages sued on herein. Complainants allege that the ACM was reasonably certain to be dangerous if defective.

17.   Complainants aver that a cause of the injuries sustained by complainants was the fault of defendant, Fairchild Controls Corporation, whose actions violated the New York Products Liability law in the following, non-exclusive respects:

a.   The product was defective, which defect rendered the product not reasonably safe for its intended use, and which defect caused the complainants' injuries;

b.   The defect existed at the time the product left the defendant's hands;

c.   The defect was not discoverable by these complainants through the exercise of

reasonable care;

d. Failure to act reasonably in designing, testing, manufacturing, selling, inspecting or marketing the ACM and/or its components;

e. Failure to warn complainants of unreasonably dangerous condition of the ACM and/or its components;

f. Failure to conform to an express or implied warranty;

g. Failure, generally, to meet the generally accepted standard of care in the above described situation.

## FOURTH CLAIM FOR RELIEF

18. Complainants repeat the averments contained in paragraphs 1 through 17 as if set forth in full.

19. As to defendant Northrop Grumman Corporation and/or Northrop Grumman Systems Corporation (complainant #1 only), hereinafter referred to simply as "Northrop Grumman", as owner of the subject aircraft, complainant alleges that as early as June 2008, this Aircraft was documented to have smoke and fumes present in the cabin on several occasions, continuing through 2009 and 2010. The problem was repeatedly reported to the Northrop Grumman maintenance department but was never successfully corrected. Complainant alleges that Northrop Grumman new or reasonably should have known that injury was substantially certain to occur through the use of the aircraft.

20. Complainant avers that a cause of the injuries sustained by complainant was the fault of defendant Northrop Grumman, in the following, non-exclusive respects:

a. Failure to properly inspect the subject aircraft;

    b.    Failure to properly diagnose deficiencies in the subject aircraft;

    c.    Failure to properly maintain the subject aircraft;

    d.    Failure to properly repair the subject aircraft;

    e.    Failure to warn complainants of unreasonably dangerous conditions in the subject air craft, though it knew, or reasonably should have known, that injury was substantially certain to follow;

    f.    Failure, generally, to meet the generally accepted standard of care in the above described situation.

## FOURTH CLAIM FOR RELIEF

21.    Complainants repeat the averments contained in paragraphs 1 through 20 as if set forth in full.

22.    As to defendants, Carpe Diem Aviation Services of Missouri, Inc. d/b/a CD Aviation Services, CD Aviation, L.L.C., Eagle Creek Aviation Services d/b/a Naples Jet Center, complainants allege that defendant Northrop Grumman contracted with said defendants on several occasions to diagnose and repair the problem of smoke and fumes present in the cabin, which problem was never corrected by said defendants.   Complainants aver that a cause of the injuries sustained by complainants was the fault of defendant Carpe Diem Aviation Services of Missouri, Inc. d/b/a CD Aviation Services, CD Aviation, L.L.C., Eagle Creek Aviation Services d/b/a Naples Jet Center, in the following, non-exclusive respects:

    a.    Failure to properly inspect the subject aircraft;

    b.    Failure to properly diagnose deficiencies in the subject aircraft;

    c.    Failure to properly maintain the subject aircraft;

    d.    Failure to properly repair the subject aircraft;

    e.    Failure to warn complainants of unreasonably dangerous conditions in the subject air craft, though it knew, or reasonably should have known, that injury was substantially certain to follow;

    f.    Failure, generally, to meet the generally accepted standard of care in the above described situation.

23. As a result of the incident sued on, plaintiff, Kenneth Davidson, sustained severe personal injuries consisting of, but not limited to, toxic encephalopathy with persistent cognitive sequela, industrial asthma, fatigue, difficulty with balance, memory loss, eye and throat irritation, and injuries to other parts of his body, which injuries have caused and will continue to cause plaintiff great physical pain and suffering, as well as mental suffering and which injuries have required, and will continue to require, extensive medical attention.

24. As a result of the incident sued on, plaintiff, Thomas Farmer, sustained severe personal injuries consisting of, but not limited to, permanent damage to his eyes and lungs, decreased mental acuity, neurological deficits, severe headaches, weakness, irritability, and injuries to other parts of his body, which injuries have caused and will continue to cause plaintiff great physical pain and suffering, as well as mental suffering and which injuries have required, and will continue to require, extensive medical attention.

25. As a result of the accident sued on, complainant, Jana Davidson, who at the time of the incident sued upon was married to, and remains married to, Kenneth Davidson, is entitled to recover damages for the loss of consortium, society and service.

26. As a result of the accident sued on, complainants, JCD and KSD, who are the

minor children of Kenneth and Jana Davidson, are entitled to recover damages for the loss of consortium, society and service.

WHEREFORE, complainants, Kenneth Davidson and Jana Davidson, Individually and on Behalf of Their Minor Children JCD and KSD, and Thomas Farmer, pray that after due proceedings are had, including trial by jury, that there be judgment in their favor and against the appropriate defendants, in an amount which is just and reasonable with legal interest thereon from the date of judicial demand until paid and for all costs of these proceedings. Complainants also pray for all other relief as may be just and equitable in the premises.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Coakley-Thompson hereby demands a trial by jury of all issues that are so triable.

Dated: New York, New York
       May 30, 2014

| GARVEY SCHUBERT BARER | deGRAVELLES, PALMINTIER, |
| (Co-Counsel) | HOLTHAUS & FRUGE |
| | (Co-Counsel, Pro Hac Vice Application |
| | To Be Submitted) |

By: _____   By: _____
    Je Jun Moon (JM9341)                Michael C. Palmintier
    *Attorneys for Plaintiffs*          *Attorneys for Plaintiffs*
    100 Wall Street, 20th Floor         618 Main Street
    New York, New York 10005            Baton Rouge, Louisiana 70801
    (212) 935-4524                      (225) 344-3735
    (212) 334-1278 (Fax)                (225) 334-0522 (Fax)
    jmoon@gsblaw.com                    mpalmintier@dphf-law.com