Judith R. Nemsick
Sean P. Barry
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Tel.:   (212) 513-3200
Fax:   (212) 385-9010
judith.nemsick@hklaw.com
sean.barry@hklaw.com

Gary L. Halbert
(*pro hac vice* admission pending)
HOLLAND & KNIGHT LLP
800 17th Street, NW
Suite 1100
Washington, D.C.  20006
Tel.:   (202) 955-3000
Fax:   (202) 995-5564
gary.halbert@hklaw.com

*Attorneys for Defendants Rockwell
International Corporation and
Rockwell Automation, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNETH DAVIDSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ROCKWELL INTERNATIONAL CORPORATION, et al.,<br><br>Defendants. | No. 1:14-cv-03886 (LGS)<br><br>**ANSWER AND CROSS-CLAIMS OF ROCKWELL INTERNATIONAL CORPORATION AND ROCKWELL AUTOMATION, INC.** |

Defendant Rockwell Automation, Inc., individually and as successor-in-interest to Defendant Rockwell International Corporation (collectively, "Rockwell"), by and through its

attorneys, Holland & Knight LLP, as and for their Answer to Plaintiffs' Complaint ("Complaint"), herein states upon information and belief as follows:

1. Rockwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint and therefore denies them.

## JURISDICTION

2. The allegations set forth in Paragraph 2 of the Complaint constitute legal conclusions and do not require an admission or denial by Rockwell. To the extent a response is required, Rockwell denies the allegations set forth in Paragraph 2 of the Complaint.

## PARTIES

3. Rockwell answers Paragraph 3 of the Complaint as follows:

A. Rockwell denies the allegations in Paragraph 3A of the Complaint, except Rockwell admits that Rockwell International Corporation, a dissolved corporation, was incorporated in the State of Nevada and designated The Corporation Trust Company of Nevada, 311 S. Division Street, Carson City, Nevada 89703 as its registered agent for service of process.

B. Rockwell denies the allegations in Paragraph 3B of the Complaint, except Rockwell admits that Rockwell Automation, Inc. is a Delaware corporation that has designated The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

C. The allegations in Paragraph 3C of the Complaint are directed to a defendant other than Rockwell and do not require an admission or denial by Rockwell. To the extent a response is required, Rockwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3C of the Complaint and therefore denies them.

#32503474_v1

D. The allegations in Paragraph 3D of the Complaint are directed to a defendant other than Rockwell and do not require an admission or denial by Rockwell. To the extent a response is required, Rockwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3D of the Complaint and therefore denies them.

E. The allegations in Paragraph 3E of the Complaint are directed to a defendant other than Rockwell and do not require an admission or denial by Rockwell. To the extent a response is required, Rockwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3E of the Complaint and therefore denies them.

F. The allegations in Paragraph 3F of the Complaint are directed to a defendant other than Rockwell and do not require an admission or denial by Rockwell. To the extent a response is required, Rockwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3F of the Complaint and therefore denies them.

G. The allegations in Paragraph 3G of the Complaint are directed to a defendant other than Rockwell and do not require an admission or denial by Rockwell. To the extent a response is required, Rockwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3G of the Complaint and therefore denies them.

H. The allegations in Paragraph 3H of the Complaint are directed to a defendant other than Rockwell and do not require an admission or denial by Rockwell. To the extent a response is required, Rockwell lacks knowledge or information

#32503474_v1

sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3H of the Complaint and therefore denies them.

I. The allegations in Paragraph 3I of the Complaint are directed to a defendant other than Rockwell and do not require an admission or denial by Rockwell. To the extent a response is required, Rockwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3I of the Complaint and therefore deny them.

J. The allegations in Paragraph 3J of the Complaint are directed to a defendant other than Rockwell and do not require an admission or denial by Rockwell. To the extent a response is required, Rockwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3J of the Complaint and therefore denies them.

K. The allegations in Paragraph 3K of the Complaint are directed to a defendant other than Rockwell and do not require an admission or denial by Rockwell. To the extent a response is required, Rockwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3K of the Complaint and therefore denies them.

L. The allegations in Paragraph 3L of the Complaint are directed to a defendant other than Rockwell and do not require an admission or denial by Rockwell. To the extent a response is required, Rockwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3L of the Complaint and therefore denies them.

#32503474_v1

M. The allegations in Paragraph 3M of the Complaint are directed to a defendant other than Rockwell and do not require an admission or denial by Rockwell. To the extent a response is required, Rockwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3M of the Complaint and therefore denies them.

N. The allegations in Paragraph 3N of the Complaint are directed to a defendant other than Rockwell and do not require an admission or denial by Rockwell. To the extent a response is required, Rockwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3N of the Complaint and therefore denies them.

O. The allegations in Paragraph 3O of the Complaint are directed to a defendant other than Rockwell and do not require an admission or denial by Rockwell. To the extent a response is required, Rockwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3O of the Complaint and therefore denies them.

4. Rockwell answers Paragraph 4 of the Complaint as follows:

A. Rockwell denies the allegations in Paragraph 4A of the Complaint, except Rockwell admits that Rockwell International Corporation, a dissolved corporation, was incorporated in the State of Nevada and designated The Corporation Trust Company of Nevada, 311 S. Division Street, Carson City, Nevada 89703 as its registered agent for service of process.

B. Rockwell denies the allegations in Paragraph 4B of the Complaint, except Rockwell admits that Rockwell Automation, Inc. is a Delaware corporation that

has designated The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

C. The allegations in Paragraph 4C of the Complaint are directed to a defendant other than Rockwell and do not require an admission or denial by Rockwell. To the extent a response is required, Rockwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4C of the Complaint and therefore denies them.

D. The allegations in Paragraph 4D of the Complaint are directed to a defendant other than Rockwell and do not require an admission or denial by Rockwell. To the extent a response is required, Rockwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4D of the Complaint and therefore denies them.

E. The allegations in Paragraph 4E of the Complaint are directed to a defendant other than Rockwell and do not require an admission or denial by Rockwell. To the extent a response is required, Rockwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4E of the Complaint and therefore denies them.

F. The allegations in Paragraph 4F of the Complaint are directed to a defendant other than Rockwell and do not require an admission or denial by Rockwell. To the extent a response is required, Rockwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4F of the Complaint and therefore denies them.

G. The allegations in Paragraph 4G of the Complaint are directed to a defendant other than Rockwell and does not require an admission or denial by Rockwell. To the extent a response is required, Rockwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4G of the Complaint and therefore denies them.

H. The allegations in Paragraph 4H of the Complaint are directed to a defendant other than Rockwell and do not require an admission or denial by Rockwell. To the extent a response is required, Rockwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4H of the Complaint and therefore denies them.

I. The allegations in Paragraph 4I of the Complaint are directed to a defendant other than Rockwell and do not require an admission or denial by Rockwell. To the extent a response is required, Rockwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4I of the Complaint and therefore denies them.

J. The allegations in Paragraph 4J of the Complaint are directed to a defendant other than Rockwell and do not require an admission or denial by Rockwell. To the extent a response is required, Rockwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4J of the Complaint and therefore denies them.

K. The allegations in Paragraph 4K of the Complaint are directed to a defendant other than Rockwell and do not require an admission or denial by Rockwell. To the extent a response is required, Rockwell lacks knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4K of the Complaint and therefore denies them.

L. The allegations in Paragraph 4L of the Complaint are directed to a defendant other than Rockwell and do not require an admission or denial by Rockwell. To the extent a response is required, Rockwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4L of the Complaint and therefore denies them.

M. The allegations in Paragraph 4M of the Complaint are directed to a defendant other than Rockwell and do not require an admission or denial by Rockwell. To the extent a response is required, Rockwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4M of the Complaint and therefore denies them.

N. The allegations in Paragraph 4N of the Complaint are directed to a defendant other than Rockwell and do not require an admission or denial by Rockwell. To the extent a response is required, Rockwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4N of the Complaint and therefore denies them.

**BACKGROUND**

5. Rockwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint and therefore denies them, except Rockwell admits that Rockwell International Corporation was the original manufacturer of the fixed-wing, multi-engine, turboprop Turbo Commander model 690A aircraft bearing FAA registration number N690EH.

6. Rockwell denies the allegations set forth in Paragraph 6 of the Complaint.

#32503474_v1

7. Rockwell denies the allegations set forth in Paragraph 7 of the Complaint.

8. Rockwell denies the allegations set forth in Paragraph 8 of the Complaint, except Rockwell admits that Rockwell International Corporation was the original manufacturer of the fixed-wing, multi-engine, turboprop Turbo Commander model 690A aircraft bearing FAA registration number N690EH. Rockwell further states that, in 1981, Rockwell International Corporation sold its General Aviation Division, including its liabilities and obligations for the Twin Commander aircraft product line, to Gulfstream Aerospace Corporation, which subsequently sold the Twin Commander product line, including its liabilities and obligations, to Twin Commander Aircraft Corporation.

9. Rockwell denies the allegations set forth in Paragraph 9 of the Complaint, except Rockwell admits that prior to its dissolution, Rockwell International Corporation had several reorganizations, mergers and divestitures, including one in 1996 that involved a merger of certain Rockwell divisions with a subsidiary of The Boeing Company ("Boeing") and another in 2001 that resulted in a demerger of Rockwell International Corporation into two separate publicly traded companies, Rockwell Automation, Inc. (which became the successor-in-interest to Rockwell International Corporation), and Rockwell Collins, Inc.

**FIRST CLAIM FOR RELIEF**

10. The allegations in Paragraph 10 of the Complaint do not require an admission or denial. To the extent that a response is required, Rockwell repeats, reiterates, and reasserts each admission and denial contained in Paragraphs 1–9, inclusive, of this Answer as if set forth in full herein.

11. Rockwell denies the allegations set forth in Paragraph 11 of the Complaint.

#32503474_v1

## SECOND CLAIM FOR RELIEF

12. The allegations in Paragraph 12 of the Complaint do not require an admission or denial. To the extent that a response is required, Rockwell repeats, reiterates, and reasserts each admission and denial contained in Paragraphs 1–11, inclusive, of this Answer as if set forth in full herein.

13. The allegations in Paragraph 13 of the Complaint are directed to a defendant other than Rockwell and do not require an admission or denial by Rockwell. To the extent a response is required, Rockwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and therefore denies them.

14. The allegations in Paragraph 14 of the Complaint are directed to defendants other than Rockwell and do not require an admission or denial by Rockwell. To the extent a response is required, Rockwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and therefore denies them.

## THIRD CLAIM FOR RELIEF

15. The allegations in Paragraph 15 of the Complaint do not require an admission or denial. To the extent that a response is required, Rockwell repeats, reiterates, and reasserts each admission and denial contained in Paragraphs 1–14, inclusive, of this Answer as if set forth in full herein.

16. The allegations in Paragraph 16 of the Complaint are directed to a defendant other than Rockwell and do not require an admission or denial by Rockwell. To the extent a response is required, Rockwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and therefore denies them.

17. The allegations in Paragraph 17 of the Complaint are directed to a defendant other than Rockwell and do not require an admission or denial by Rockwell. To the extent a response

is required, Rockwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and therefore denies them.

## FOURTH CLAIM FOR RELIEF

18. The allegations in Paragraph 18 of the Complaint do not require an admission or denial . To the extent that a response is required, Rockwell repeats, reiterates, and reasserts each admission and denial contained in Paragraphs 1–17, inclusive, of this Answer as if set forth in full herein.

19. The allegations in Paragraph 19 of the Complaint are directed to a defendant other than Rockwell and do not require an admission or denial by Rockwell. To the extent a response is required, Rockwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint and therefore denies them.

20. The allegations in Paragraph 20 of the Complaint are directed to a defendant other than Rockwell and do not require an admission or denial by Rockwell. To the extent a response is required, Rockwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint and therefore denies them.

## FOURTH [SIC] CLAIM FOR RELIEF

21. The allegations in Paragraph 21 of the Complaint do not require an admission or denial. To the extent that a response is required, Rockwell repeats, reiterates, and reasserts each admission and denial contained in Paragraphs 1–20, inclusive, of this Answer as if set forth in full herein.

22. The allegations in Paragraph 22 of the Complaint are directed to defendants other than Rockwell and do not require an admission or denial by Rockwell. To the extent a response is required, Rockwell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and therefore denies them.

#32503474_v1

23. Rockwell denies the allegations set forth in Paragraph 23 of the Complaint.

24. Rockwell denies the allegations set forth in Paragraph 24 of the Complaint.

25. Rockwell denies the allegations set forth in Paragraph 25 of the Complaint.

26. Rockwell denies the allegations set forth in Paragraph 26 of the Complaint.

As to the WHEREFORE clause following Paragraph 26 of the Complaint, Rockwell denies any and all other allegations of Plaintiffs against Rockwell, and denies all of Plaintiffs' prayers against Rockwell.

## JURY TRIAL DEMAND

As to the clause following the heading "Jury Trial Demand," the allegations set forth in this clause do not require an admission or denial. To the extent that a response is required, Rockwell denies the allegations set forth in the clause following the heading "Jury Trial Demand."

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

1. The Complaint fails to state a claim against Rockwell upon which relief can be granted.

### SECOND DEFENSE

2. Plaintiffs may lack standing, capacity, or authority to bring this action.

### THIRD DEFENSE

3. Plaintiffs' claims and any damages are barred by the applicable statutes of limitations or statutes of repose, including but not limited to the General Aviation Revitalization Act of 1994, Pub. L. No. 103-298 § 2(a)-(b), 108 Stat. 1552 (1994), as amended by Pub. L. No. 105-102, § 3(e), 111 Stat. 2204, 2215-16 (1997) (codified at 49 U.S.C. § 40101 note).

## FOURTH DEFENSE

4. The action should be dismissed for failure to join a necessary party.

## FIFTH DEFENSE

5. Plaintiffs' claims are preempted, either expressly or implicitly, in whole or in part, by U.S. federal law, including the Federal Aviation Regulations.

## SIXTH DEFENSE

6. Plaintiffs' claims are barred because Rockwell complied with all relevant and applicable U.S. federal law and regulations, including the Federal Aviation Regulations.

## SEVENTH DEFENSE

7. Standards for airworthiness and maintenance of general aviation aircraft are a function reserved solely to the United States government and, in particular, to the Federal Aviation Administration. As a matter of law, Rockwell cannot be liable for any aircraft or aircraft component or defect in any aircraft or aircraft component or part that complies with relevant and applicable federal aviation airworthiness requirements. The aircraft, at the time it left Rockwell International Corporation's possession, was in full compliance with all relevant and applicable federal certification requirements and airworthiness directives.

## EIGHTH DEFENSE

8. If harm was caused by products originally designed, manufactured, and/or sold by Rockwell, those products were substantially altered, modified, and/or misused by persons and/or entities other than Rockwell, and over whom Rockwell had no control or right of control, without Rockwell's knowledge, consent or advice, following the date of the initial design, manufacture, and/or sale of such products, and such alteration, modification, and/or misuse proximately caused and contributed to the events alleged in the Complaint and the resulting damages, if any.

#32503474_v1

**NINTH DEFENSE**

9.     If harm was caused by products originally manufactured, designed, and/or sold by Rockwell, at the time those products left possession or control of Rockwell they were safe and of merchantable quality and were not unreasonably dangerous or defective.

**TENTH DEFENSE**

10.     If harm was caused by products originally designed, manufactured, and/or sold by Rockwell, at the time those products left possession or control of Rockwell, they were designed, manufactured, tested, certified, distributed, sold, and delivered in conformance with the then prevailing industry standards, state of the art technology, and all relevant and applicable governmental regulations, codes, standards, specifications, and statutes.

**ELEVENTH DEFENSE**

11.     If harm was caused by products originally designed, manufactured, and/or sold by Rockwell, those products were being used by an expert, professional, learned-intermediary and/or skilled ultimate user who possessed technical knowledge, sophistication, and/or expertise regarding the subject products, and the Plaintiffs' alleged claims and damages are barred or limited by the "learned-intermediary," "informed-intermediary," and/or "sophisticated user" doctrines.

**TWELFTH DEFENSE**

12.     If harm was caused by products originally designed, manufactured, and/or sold by Rockwell, and any unsafe, dangerous, or abnormal condition or defect existed with respect to that product, Rockwell did not have actual or constructive notice of the existence of any dangerous or abnormal conditions or defects.

#32503474_v1

**THIRTEENTH DEFENSE**

13. Rockwell is not liable to Plaintiffs because the dangerous, abnormal conditions, or defects, if any, as alleged in the Complaint were not within Rockwell's exclusive control.

**FOURTEENTH DEFENSE**

14. Rockwell states that the design of the subject aircraft and each component thereof outweighs the inherent risks, if any.

**FIFTEENTH DEFENSE**

15. If harm was caused by products originally designed, manufactured, and/or sold by Rockwell, Plaintiffs' alleged claims and damages are barred by any and all applicable contractual disclaimers and limitations contained in the original contract of sale for the product and/or the subject aircraft.

**SIXTEENTH DEFENSE**

16. Rockwell did not breach or violate any alleged duties to Plaintiffs, including without limitations, any duty of reasonable care.

**SEVENTEENTH DEFENSE**

17. The alleged acts and/or omissions of Rockwell were not the legal, proximate, direct, or substantial cause of, or contributing factor to, any of the injuries alleged by Plaintiffs, and thus, Rockwell is not liable to Plaintiffs.

**EIGHTEENTH DEFENSE**

18. The alleged accident referred to in the Complaint was the result of the fault, negligence, want of care, defect, gross negligence, misuse, abnormal use, breach of warranty, or other acts or omissions of persons or entities other than Rockwell and over which Rockwell had no authority or control and was not the result of any fault, negligence, want of care, gross negligence, willful misconduct, malice, wantonness, conscious disregard for another,

#32503474_v1

recklessness, misuse, breach of warranty, or other acts or omissions on the part of Rockwell, and in the event Rockwell is found liable to plaintiffs, which liability is expressly denied, Rockwell will be entitled to indemnification, contribution, or apportionment of liability pursuant to applicable law.

## NINETEENTH DEFENSE

19. To the extent that New York law applies, Rockwell's liability is limited by Article 16 of the New York Civil Practice Law and Rules.

## TWENTIETH DEFENSE

20. The alleged damages, if any, sustained by Plaintiffs were proximately caused by the fault, neglect, want of care, abuse, misuse, abnormal use, poor maintenance, improper servicing, improper repair, alteration, change, modification, or independent intervening or superseding acts or omissions or other culpable conduct by persons or entities outside the control of Rockwell, which was not reasonably foreseeable to Rockwell, and for which Rockwell is neither liable nor responsible.

## TWENTY-FIRST DEFENSE

21. Plaintiffs' injuries, if any, may have been caused or exacerbated by a pre-existing illness, injury, or condition.

## TWENTY-SECOND DEFENSE

22. The alleged damages, if any, sustained by Plaintiffs were directly and proximately caused by a new and independent cause not reasonably foreseeable by Rockwell.

## TWENTY-THIRD DEFENSE

23. The occurrence complained of in the Complaint was caused, produced, and brought about as a result of a pure accident, sudden emergency, or other conditions or occurrence, unmixed with any negligence or culpable conduct on the part of Rockwell.

#32503474_v1

### TWENTY-FOURTH DEFENSE

24. The acts or omissions complained of in the Complaint were not within the scope of any obligations undertaken or any duties owed by or on behalf of Rockwell.

### TWENTY-FIFTH DEFENSE

25. Plaintiffs are not third-party beneficiaries of any warranties that Rockwell may have made.

### TWENTY-SIXTH DEFENSE

26. Plaintiffs' warranty claims are barred by the absence of privity between Plaintiffs and Rockwell.

### TWENTY-SEVENTH DEFENSE

27. Rockwell denies that Rockwell or its employees or agents made any warranties to Plaintiffs, express or implied. If such warranties are found to have been made, Rockwell did not breach them, any such warranties have expired, Plaintiffs did not rely on any such warranties by Rockwell, and Plaintiffs did not give timely or legally sufficient notice of any alleged breach of warranty.

### TWENTY-EIGHTH DEFENSE

28. Plaintiffs' recovery is barred or should be reduced because of contributory negligence, contributory fault, and assumption of the risk.

### TWENTY-NINTH DEFENSE

29. Plaintiffs' claims may be barred because Plaintiffs have been fully satisfied or compensated for their injuries or damages, if any.

#32503474_v1

**THIRTIETH DEFENSE**

30. If Plaintiffs were injured as a result of the alleged acts or omissions of Rockwell, which Rockwell denies, then any recovery is barred or must be reduced by Plaintiffs' failure to mitigate any alleged injuries or damages.

**THIRTY-FIRST DEFENSE**

31. Some or all of the damages claimed by Plaintiffs are limited or are not recoverable under applicable law. Further in the event damages are to be awarded to Plaintiffs, such damages should be reduced or offset by various benefits received under applicable law.

**THIRTY-SECOND DEFENSE**

32. To the extent that Plaintiffs have settled or in the future will settle with any defendant or any other person or entity with respect to the injuries or losses alleged in the Complaint, the liability of Rockwell, if any, should be reduced accordingly.

**THIRTY-THIRD DEFENSE**

33. Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of unclean hands, waiver, laches, and/or estoppel.

**THIRTY-FOURTH DEFENSE**

34. Rockwell intends to add and rely upon such other and further defenses as may become apparent during the discovery of this action, and reserves the right to amend its Answer to assert such defenses.

**CROSS-CLAIMS**

1. Rockwell, as cross-claimant, refers to each of its answers and defenses and incorporates the same by reference as though fully set forth herein.

2. While Rockwell fully denies any wrongdoing or liability with respect to the Complaint, if Rockwell is nevertheless found liable to Plaintiffs, such liability will have been

#32503474_v1

brought about or caused by the wrongdoing or liability of co-defendants in this action. As such, Rockwell seeks indemnification and contribution from the co-defendants if Rockwell is ultimately found liable for any or all of the allegations in the Complaint.

## FIRST CROSS-CLAIM FOR INDEMNITY

3. Although Rockwell has denied the allegations of wrongdoing asserted by Plaintiffs, if Rockwell is found liable and responsible to Plaintiffs for damages as alleged in the Complaint, such liability will have been brought about or caused by the careless, negligent or culpable acts or omissions of the co-defendants in this action.

4. By reason of the foregoing, Rockwell is entitled to full indemnity from the co-defendants.

## SECOND CROSS-CLAIM FOR CONTRIBUTION

5. Although Rockwell has denied the allegations of wrongdoing asserted by Plaintiff, if Rockwell is found liable and responsible to Plaintiffs for damages as alleged in the Complaint and Rockwell is not awarded full indemnity on the first cross-claim of this Answer, then Rockwell is entitled to an apportionment of fault against the co-defendants in this action in proportion to the relative degrees of fault or wrongdoing among the parties to this action.

6. By reason of the foregoing, Rockwell is entitled to contribution or partial indemnity from the co-defendants in accordance with the relative degrees of fault or wrongdoing among the parties to this action.

WHEREFORE, having fully answered the allegations set forth in the Complaint, Rockwell respectfully requests that the Court enter judgment (a) dismissing all claims asserted by Plaintiffs in the Complaint against Rockwell with prejudice and in their entirety; (b) granting Rockwell's cross-claims; (c) awarding Rockwell reasonable attorneys' fees, costs, and expenses incurred in connection with this action; and (d) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 27, 2014

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: /s/ Judith R. Nemsick
Judith R. Nemsick
Sean P. Barry
31 West 52nd Street
New York, New York 10019
Tel.: (212) 513-3200
Fax: (212) 385-9010

Gary L. Halbert, D.C. Bar #495663
(*pro hac vice* admission pending)
800 17th Street N.W.
Suite 1100
Washington, D.C. 20006
Tel.: (202) 955-3000
Fax: (202) 995-5564

*Attorneys for Defendants
Rockwell International Corporation and
Rockwell Automation, Inc.*